UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Aaron Kiniry

    v.                    Civil No. 17-cv-38-LM

Lt. Carroll et al.[1]


**REPORT AND RECOMMENDATION**

Before the court is plaintiff Aaron Kiniry's complaint (Doc. No. 1), filed pursuant to 42 U.S.C. § 1983, alleging that defendants, employees of the New Hampshire State Prison ("NHSP"), have violated Kiniry's constitutional rights during his incarceration at that facility. The complaint is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1). Kiniry's complaint also contains a request for preliminary injunctive relief, which has been referred to this magistrate judge for a report and recommendation as to disposition. See Mar. 20, 2017 Order.

---

[1]Plaintiff has named the following employees of the New Hampshire State Prison as defendants to this action: Lt. Carroll, whose first name is unknown ("FNU"); FNU Totten; Cpl. FNU Wright; Sgt. FNU Lydick; Corrections Officer ("CO") FNU Sake; CO FNU Young; Sgt. FNU Marshall; CO FNU Brownhe; CO FNU O'Donahue; and Maj. FNU Fouts.

**Background**

In his complaint, Kiniry alleges that he suffers from a number of mental health problems, including post-traumatic stress disorder, anger-management issues, attention deficit hyperactivity disorder, oppositional defiant disorder, and obsessive-compulsive disorder. Kiniry alleges that on more than one occasion, corrections officers have "become provocative" "to the point where [Kiniry] would cut [him]self severely enough to actually attempt suicide." Compl. (Doc. No. 1). Kiniry states that on several occasions officers knew he was "cutting up" and did nothing about it. Id. Kiniry suggests that defendants knew he was suicidal as he has, more than once, overdosed on aspirin, resulting in his hospitalization.

Kiniry alleges that on one occasion, NHSP Sgt. Marshall took pictures of Kiniry's wrist when it was "slit wide open," without Kiniry's consent. Id. Kiniry states that he is "going through channels to hold [Marshall] accountable" for taking pictures of Kiniry's wrist. Kiniry alleges that, as a result of his complaints about Marshall's conduct, one or more officers have retaliated against him by discarding his property, including sentimental items that cannot be replaced, and his DD-

214 Form.[2]  Kiniry further asserts that the named defendants retaliate against him "any way they can," and that he does not feel safe around them.

## Discussion

### I. Preliminary Review

   A. Standard

The court reviews complaints filed by pro se incarcerated plaintiffs to determine, among other things, whether plaintiff has asserted any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a), LR 4.3(d)(1).  In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013)

---

[2]A DD-214 Form, or "Certificate of Release or Discharge from Active Duty," is a record issued by the Department of Defense containing information about the service member's duty, rank, service, and separation, "normally needed to verify military service for benefits, retirement, employment and membership in veterans' organizations."  National Archives, "DD Form 214, Discharge Papers and Separation Documents," https://www.archives.gov/st-louis/military-personnel/dd-214.html.

(citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

   B.   Eighth Amendment Claims

   Kiniry alleges that the defendant corrections officers violated his Eighth Amendment rights when they: 1) engaged in conduct that provoked Kiniry to harm himself and/or to attempt suicide; and 2) failed to respond when they knew that Kiniry was engaged in self-harm and suicidal behavior. Kiniry's claims concerning this conduct allege violations of his Eighth Amendment rights.

   The Eighth Amendment's Cruel and Unusual Punishment Clause requires prison officials to take "reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). To establish unconstitutional endangerment, an inmate must assert facts to demonstrate that, objectively, he was incarcerated "under conditions posing a substantial risk of serious harm," and that the involved prison officials knew of and disregarded the excessive risk to the inmate's safety. Id. at 834.

   In order to state a claim for the denial of adequate medical care under the Eighth Amendment, an inmate must allege that defendants committed "acts or omissions . . . sufficiently harmful to evidence deliberate indifference to serious medical needs." Leavitt v. Corr. Med. Servs., 645 F.3d 484, 497 (1st

Cir. 2011). At a minimum, the plaintiff must allege facts showing that the defendant(s) possessed a purposeful, knowing, or reckless state of mind, as "'liability for <u>negligently</u> inflicted harm is categorically beneath the threshold of constitutional due process.'" <u>Kingsley v. Hendrickson</u>, 135 S. Ct. 2466, 2472 (2015) (citation omitted) (emphasis in original).

To the extent Kiniry alleges that any officer was aware that Kiniry was harming himself and failed to act, or provoked Kiniry to harm himself, Kiniry has stated claims for relief under the Eighth Amendment. Accordingly, those claims should not be dismissed at this stage of the case.

Kiniry has not specified which particular officers named as defendants are liable for his Eighth Amendment claims. In an Order issued simultaneously with this Report and Recommendation, therefore, the court grants Kiniry leave to amend his complaint to identify the defendants to his Eighth Amendment claims, and to state, with specificity, what each defendant did that violated his rights, and what facts demonstrate that each defendant acted with deliberate indifference to Kiniry's serious medical needs, or a known substantial risk to Kiniry's health and safety.

    C.    <u>Retaliation Claims</u>

To state a First Amendment retaliation claim, an inmate

must allege: (1) that the conduct which led to the retaliation was protected by the First Amendment; (2) that he suffered adverse action at the hands of the prison officials; and (3) that there was a causal link between the exercise of his First Amendment rights and the adverse action taken. See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011). De minimis reactions to protected speech are not actionable. See Morris v. Powell, 449 F.3d 682, 685-86 (5th Cir. 2006). An adverse act taken in response to protected conduct is not de minimis, however, if it would deter an individual of ordinary firmness from exercising his or her First Amendment rights. See id.; see also Starr v. Dube, 334 F. App'x 341, 342-43 (1st Cir. 2009).

Kiniry alleges that defendant corrections officers have discarded his property and engaged in other unspecified acts, to retaliate against him for complaining about Marshall photographing Kiniry's wrist without Kiniry's consent. Kiniry's claim falters as to the "causation" element of a retaliation claim, and as to the lack of specifics as to the timing and type of complaints he made and as to the timing and type of adverse consequences he suffered. Stripped of legal conclusions, Kiniry's complaint contains no facts demonstrating that the adverse acts to which he was subject were motivated by an intent to retaliate against Kiniry for complaining about Marshall.

6

Kiniry's nonspecific allegations regarding the timing and sequence of events, without more, are insufficient to state a retaliation claim upon which relief might be granted.

In the Order issued simultaneously with this Report and Recommendation, the court grants Kiniry leave to amend his complaint to assert additional facts to state one or more First Amendment retaliation claims. To do so Kiniry must amend his complaint to: 1) identify the officers who took adverse acts against him, what those adverse acts were, and when they happened; 2) identify the specific conduct undertaken by Kiniry (for example, writing a grievance) that he believes prompted the defendants to take adverse acts against him; and 3) identify the facts to demonstrate that defendants intended that their adverse acts would be consequences for Kiniry's conduct.

## II. **Preliminary Injunctive Relief**

Kiniry seeks unspecified preliminary injunctive relief, alleging that he does not feel safe around the named defendants, who have engaged in largely unspecified adverse acts against him. "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross,

135 S. Ct. 2726, 2736 (2015) (citation omitted); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011). Demonstrating a likelihood of success on the merits is a prerequisite to obtaining preliminary injunctive relief. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("if the moving party cannot demonstrate that he is likely to succeed in his quest," preliminary injunctive relief is properly denied without further analysis).

To date, Kiniry has failed to assert sufficient facts to state any claim upon which relief may be granted. Further, he has failed to state specific facts that indicate that he is likely to be subjected to irreparable harm in the future if the court does not grant injunctive relief. Accordingly, Kiniry's request for preliminary injunctive relief should be denied, without prejudice to Kiniry's ability to file a motion for a preliminary injunction should circumstances warrant in the future.

## Conclusion

For the foregoing reasons, the court recommends that Kiniry's request, contained within his complaint, for preliminary injunctive relief be denied without prejudice. Any

objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 17, 2017

cc: Aaron Kiniry, pro se